IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUENNEL T. AUGUSTA, #K-81797, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 17−cv−00919−MJR ) |
| VANDALIA CORRECTIONAL CENTER, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Quennel Augusta, an inmate who is currently incarcerated at Vandalia Correctional Center ("Vandalia"), brings the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1) ("instant action"). In the Complaint, Plaintiff alleges that he sustained a serious knee injury at Vandalia on August 18, 2017, when he was forced to move property boxes with several other inmates. (Doc. 1, pp. 1-2, instant action). In connection with this claim, he seeks monetary relief against the prison. (Doc. 1, p. 2, instant action). This matter is now before the Court for case management and preliminary review of the Complaint.

## Case Management

Before screening the Complaint, the Court asked Plaintiff to confirm his intention to file this action. (Doc. 3, instant action). At the time, Plaintiff had another similar civil rights action pending in this District. *See Augusta, et al. v. Employees of Vandalia Corr. Ctr., et al.*, No. 17-cv-00798-SMY (S.D. Ill. filed July 26, 2017) ("prior action"). Plaintiff and another inmate, Shawn J. Flores, brought the prior action to challenge unconstitutional conditions of confinement at Vandalia and Stateville Correctional Centers. (Doc. 1, prior action). Plaintiff asked that his

1

new knee injury claims be accepted as an "Add on Complaint." (Doc. 1, p. 2, instant action). Because it was unclear whether Plaintiff intended to file the instant action or amend the Complaint in the prior action, this Court ordered Plaintiff to clarify his intentions, in writing, on or before October 2, 2017. (Doc. 3, instant action). Preliminary review of the Complaint under 28 U.S.C. § 1915A was deferred until this deadline expired. *Id*.

Around the same time, a *Boriboune* Order was entered in the prior action. (Doc. 5, prior action). In it, the Court warned both plaintiffs about the costs and risks associated with group litigation. *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). They were ordered to advise the Court, in writing, whether they intended to proceed with their claims together in the same action or separately. (Doc. 5, prior action). Their responses were due September 28, 2017. *Id*.

What followed in both cases was a string of duplicative filings, as Plaintiff equivocated. He identified one of these responses as a "Motion to File Separate Case With Joint of Plaintiff Shawn J. Flores." (Doc. 8, instant action; Doc. 9, prior action). He filed two Motions to Amend Complaint, along with proposed amended complaints, in both actions. (Docs. 7, 9, instant action; Doc. 10, 11, prior action). In his final Motion to Amend, Plaintiff requested that his new knee injury claim be combined with his prior action. (Doc. 9, instant action).

Plaintiff's request is denied. (*See also* Doc. 12, prior action). It has become clear that the knee injury claims in the instant action are directed against a different defendant than the conditions of confinement claims in the prior action. The claims arose after the prior action was filed, and they do not appear to involve the same transaction, occurrence, or series of transactions or occurrences. *See* FED. R. CIV. P. 18, 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The knee injury claims shall proceed in the instant action.

## Merits Review Pursuant to 28 U.S.C. § 1915A

The Complaint is now subject to preliminary review. (Doc. 1, instant action). Pursuant to 28 U.S.C. § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The Complaint does not survive screening under this standard.

According to the allegations set forth therein, Plaintiff sustained a serious knee injury while moving boxes at Vandalia on August 18, 2017. (Doc. 1, pp. 1-2). Plaintiff and other inmates were forced to move the boxes in an unsafe manner. (Doc. 1, p. 1). In the process, Plaintiff fell on thick, hard metal that punctured his skin to the bone. *Id*. The painful injury required ten stitches and resulted in permanent damage to his leg. *Id*. Plaintiff now seeks monetary relief against the prison. *Id*.

Plaintiff cannot sue Vandalia Correctional Center for monetary damages. Section 1983 creates a cause of action against persons who cause or participate in a constitutional deprivation while acting under color of state law. *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). The prison is not considered a "person" under § 1983. *See* 42 U.S.C. § 1983. Vandalia is a division of the Illinois Department of Corrections, a state agency that is immune from suit for money damages by virtue of the Eleventh Amendment. *See Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). Vandalia shall be dismissed from this action with prejudice.

Plaintiff has named no other defendants in his Complaint. Therefore, the Complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Plaintiff has already made it clear that he intends to amend his Complaint, and he shall have an opportunity to do so. Because it is not clear whether he wishes to proceed on the basis of either previously submitted amendment, the Court shall deny both Motions to Amend (Docs. 7, 9) and offer him the option of preparing a new amended complaint for filing in this case. Whether he chooses to use a version that he already prepared or draft a new one, Plaintiff should remain mindful of the applicable legal standard.

Plaintiff's claims arise under the Eighth Amendment, which protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII. Prison conditions violate the Eighth Amendment when "(1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where officials are deliberately indifferent to this state of affairs." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (citing *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (internal quotation marks omitted) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The Supreme Court has also recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer*, 511 U.S. at 837; *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). However, negligence, or even gross negligence, will not support a constitutional claim. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (citations omitted).

To be held individually liable under § 1983, a state actor must be "personally responsible for the deprivation of a constitutional right." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The doctrine of *respondeat superior* does not apply in this context. *Arnett v.*

*Webster*, 658 F.3d 742, 757 (7th Cir. 2011). Therefore, in order to state an Eighth Amendment claim, Plaintiff must name those individuals who are responsible for the violation of his constitutional rights and set forth sufficient allegations to state a plausible claim against them. This means that Plaintiff should describe when, where, how, and by whom his constitutional rights were violated.

### Pending Motions

1.  **Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 4)**

    Plaintiff's IFP Motion shall be addressed in a separate order of the Court.

2.  **Motion for Leave to File Amended Complaint (Docs. 7, 9).**

    Plaintiff's two Motions for Leave to File Amended Complaint are **DENIED** for the reasons set forth above.

3.  **Motion to File Separate Case with Joint of Plaintiff Shawn J. Flores (Doc. 8)**

    Plaintiff's Motion to File Separate Case is **DENIED** as **MOOT**. The motion pertains to Plaintiff's prior action, and the Court has already ruled on the motion in that action. (Docs. 9, 12, prior action).

### Disposition

**IT IS HEREBY ORDERED** that the instant action addresses Plaintiff's knee injury claims.

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **VANDALIA CORRECTIONAL CENTER** is **DISMISSED** with prejudice from this action.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" in this case **on or before November 2, 2017**. Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal of this action will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number (Case No. 17-00919-MJR) on the first page. To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

In the amended complaint, Plaintiff must, at a minimum, describe the actions taken by each defendant that resulted in the deprivation of his federal constitutional rights. He should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits or including any other unrelated claims in his amended complaint. **Claims found to be unrelated will be further severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.**

Plaintiff is **ADVISED** that *this* dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original Complaint, rendering the original void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the

First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 4, 2017**

<u>s/ MICHAEL J. REAGAN</u>
**Chief Judge,**
**United States District Court**