# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUENNEL T. AUGUSTA, #K-81797, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17−cv–00919−MJR ) |
| EMPLOYEES OF V.C.C., EMPLOYEES OF I.D.O.C., STEPHANIE WAGGONER, BRUCE RAUNER, and JOHN BALDWIN, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Quennel Augusta on October 24, 2017. (Doc. 12). Plaintiff brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Vandalia Correctional Center ("Vandalia"). *Id*. According to the allegations, Plaintiff injured his leg when he slipped and fell while moving property boxes onto a trailer. (Doc. 12, p. 5). He sustained a leg injury that resulted in significant blood loss and ten stitches. *Id*. In connection with this incident, Plaintiff now asserts claims against the defendants for cruel and unusual punishment under the Eighth Amendment, for involuntary servitude under the Thirteenth Amendment, and for the denial of equal protection of the law under the Fourteenth Amendment. *Id*. He seeks monetary damages against all defendants. (Doc. 12, p. 6).

The First Amended Complaint is now subject to review pursuant to 28 U.S.C. § 1915A, which provides:

1

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

*Id*. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Plaintiff's First Amended Complaint does not survive screening under this standard and shall be dismissed.

## First Amended Complaint

Plaintiff alleges that he was ordered to load heavy boxes onto a trailer at Vandalia on an undisclosed date. (Doc. 12, p. 5). He did not volunteer for the job, and he did not sign an employment contract before doing so. *Id*. In the process, he slipped, fell, and injured his leg. *Id*. Plaintiff allegedly lost significant amounts of blood and a "chunk of meat" from his leg that necessitated ten stitches. *Id*. He complains of no delay in medical treatment and no permanent injuries. *Id*. However, Plaintiff maintains that "Employees of V.C.C.," "Employees of

I.D.O.C.," Warden Stephanie Waggoner, IDOC Director John Baldwin, and Governor Bruce Rauner are responsible for violating his rights under the Eighth, Thirteenth, and Fourteenth Amendments. (Doc. 12, pp. 1-5). He seeks monetary damages against them. (Doc. 12, p. 6).

## Discussion

To facilitate the orderly management of future proceedings in this case and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in this *pro se* First Amended Complaint into the following enumerated counts:

> **Count 1** - Eighth Amendment deliberate indifference claim against Defendants for subjecting Plaintiff to dangerous conditions of confinement at Vandalia.
>
> **Count 2 -** Eighth Amendment deliberate indifference to medical needs claim against Defendants for delaying or denying Plaintiff adequate medical treatment for the injuries he sustained to his leg when he slipped and fell while loading heavy boxes onto a trailer at Vandalia.
>
> **Count 3 -** Thirteenth Amendment claim against Defendants for ordering Plaintiff to load a trailer at Vandalia while he was under no contract for employment at the prison.
>
> **Count 4 -** Fourteenth Amendment equal protection claim against Defendants for ordering Plaintiff to load a trailer at Vandalia while he was under no contract for employment at the prison.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion regarding their merits. **Any other claims in the First Amended Complaint that are not identified above are inadequately pled under *Twombly* and are considered dismissed without prejudice from this action.**

**Count 1**

The allegations in the First Amended Complaint do not support a colorable Eighth Amendment claim for unconstitutional conditions of confinement against the defendants. The Eighth Amendment prohibits the cruel and unusual punishment of prisoners. U.S. CONST., amend. VIII. In conditions cases, Eighth Amendment liability hinges on exposure to an objectively serious condition, which is generally defined as one that deprives an inmate of the minimal civilized measure of life's necessities. *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (citing *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). In addition, the plaintiff must demonstrate that each defendant acted with deliberate indifference to his health or safety. *Id*. *See also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).

The allegations in the First Amended Complaint do not support a claim for unconstitutional conditions of confinement under these standards. The hazards that Plaintiff describes are not sufficiently serious to invoke the Eighth Amendment. (Doc. 12, p. 5). Plaintiff simply states that he slipped and fell while loading a trailer. *Id*. He offers no information about the conditions he faced at the time, such as any slippery surfaces he encountered or safety gear that he was denied. *Id*. The Seventh Circuit has made it clear that slip-and-fall accidents almost never give rise to constitutional claims. *Pyles v. Fahim*, 771 F.3d 403, 410 at n. 25 (7th Cir. 2014). More broadly, federal courts have consistently adopted the view that slip-and-fall cases, resulting from exposure to slippery surfaces and nothing more, do not constitute hazardous conditions of confinement. *Id*. (citing *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (per curiam) (agreeing with district court that, as a matter of law, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations," thus upholding *sua sponte*

dismissal of deliberate-indifference claim brought by inmate who slipped and fell in shower); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (upholding dismissal at summary judgment of Eighth Amendment claim brought by inmate who attributed slip-and-fall to standing water in shower, since "slippery floors constitute a daily risk faced by members of the public at large."); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (even if shackled inmate might fall on wet floor while showering, allegations of "slippery prison floors" do not state "even an arguable claim for cruel and unusual punishment") (quoting *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989)).

In addition, Plaintiff identifies no particular defendant who exhibited deliberate indifference to any hazardous conditions he faced. (Doc. 12, p. 5). To show deliberate indifference, Plaintiff must allege that each official, "through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Personal involvement is established in this context when the official acts or fails to act with deliberate or reckless disregard to Plaintiff's health or safety, or the conduct causing the deprivation occurred at the official's direction or with his or her knowledge or consent. *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994). Plaintiff points to no particular person who knew about the conditions he faced or who disregarded a serious risk of harm to his health or safety.

Having failed to demonstrate that he faced an objectively serious condition or that any defendant acted with deliberate indifference to his health or safety, Count 1 fails to state a claim upon which relief may be granted. This claim shall therefore be dismissed. However, the dismissal shall be without prejudice and with leave to re-plead the claim in an amended complaint in this case or in a separate action.

**Count 2**

The First Amended Complaint also fails to state a claim against any defendants for the denial of adequate medical care for Plaintiff's leg injury. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle*, 429 U.S. at 104; *Farmer*, 511 U.S. at 837; *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). A claim for the denial of medical care consists of an objective and a subjective component. To state a claim, the plaintiff must demonstrate that: (1) he suffered from a sufficiently serious medical condition (*i.e.*, an objective requirement); and (2) state officials acted with deliberate indifference to the prisoner's medical condition (*i.e.*, a subjective requirement). *Farmer*, 511 U.S. at 834; *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The Seventh Circuit has held that a serious medical condition is one that has been diagnosed by a physician as requiring treatment or one that would be obvious to a layperson. *Pyles*, 771 F.3d at 409; *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Plaintiff alleges that he lost a large "chunk of meat" from his leg that necessitated ten stitches. (Doc. 12, p. 5). He also lost significant amounts of blood. *Id*. For screening purposes, Plaintiff describes a medical condition that could be considered objectively serious.

In order to proceed with this claim, Plaintiff must also demonstrate that each defendant responded to his serious condition with deliberate indifference. This standard is satisfied by allegations which suggest that the defendant was aware of a substantial risk of serious harm to the plaintiff and disregarded that risk. *Farmer*, 511 U.S. at 834. Negligence, or even gross negligence, will not support a constitutional claim. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (citations omitted).

The allegations offer no indication that a defendant disregarded Plaintiff's serious medical condition. He received stitches following the injury, and no allegations suggest that this treatment was inappropriate. He does not allege that he suffered from any permanent or untreated injuries. Although a delay in treatment may amount to deliberate indifference if it results in unnecessary pain or exacerbates an existing condition, Plaintiff does not indicate that his treatment was delayed or that his pain was prolonged unnecessarily. *Lewis v. McLean*, 864 F.3d 556, 563 (7th Cir. 2017); *McGowan*, 612 F.3d at 640; *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008). Having failed to demonstrate that any defendant responded to his serious medical condition with deliberate indifference, Count 2 also fails to state a claim upon which relief may be granted and shall therefore be dismissed without prejudice.

**Count 3**

The allegations do not support a claim against the defendants for involuntary servitude under the Thirteenth Amendment. For one thing, the Thirteenth Amendment does not provide protection to prisoners in this context. It states that "[n]either slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted*, shall exist within the United States, or any place subject to their jurisdiction." U.S. CONST. XIII, § 1 (emphasis added). In other words, it does not make prison work per se unconstitutional. *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992) ("The Thirteenth Amendment excludes convicted criminals from the prohibition of involuntary servitude, so prisoners may be required to do work."), *cert. denied*, 113 S. Ct. 1303 (1993). *See also See Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir 1999); *Kerr v. Puckett*, 138 F.3d 321 (7th Cir. 1998) ("Putting prisoners to work against their will . . . is hard to describe as a violation of the Constitution.").

It is the Eighth Amendment that protects prisoners from punishment that is considered cruel and unusual. U.S. CONST., amend. VIII. As discussed above, this extends to unconstitutional conditions of confinement, as well as the denial of medical care. Therefore, Plaintiff's claim challenging adverse working conditions, if at all, arises under the Eighth Amendment and not the Thirteenth Amendment. Count 3 shall be dismissed with prejudice against all of the defendants.

**Count 4**

Finally, the First Amended Complaint articulates no colorable equal protection claim against the defendants. The Fourteenth Amendment Equal Protection Clause protects individuals from government discrimination. *Swanson v. City of Chetek*, 719 F.3d 780, 783-84 (7th Cir. 2013). The typical case involves a claim of discrimination by race, national origin, or sex. *Id*. at 783-84. To establish a prima facie case of discrimination under the Fourteenth Amendment Equal Protection Clause, a plaintiff must show that he "is a member of a protected class," that he "is otherwise similarly situated to members of the unprotected class," and that he "was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chicago Transit Auth*., 10 F.3d 501 (7th Cir. 1993) (citing *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)). Plaintiff makes no such claim.

The Clause also prohibits the singling out of an individual for different treatment for no rational reason. *Swanson*, 719 F.3d at 783-84. Such claims have been referred to as "class-of-one" equal protection claims. *Id*. To state a class-of-one claim, an individual must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). Plaintiff sets forth no allegations to this effect either.

In conclusory fashion, Plaintiff invokes the Fourteenth Amendment and asserts that he was denied equal protection. (Doc. 12, p. 5). He offers no factual support for the claim. *Id*. Even at this early stage in litigation, Plaintiff cannot rely on threadbare recitals of the elements of a cause of action or conclusory statements. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Having relied entirely on conclusory assertions, Count 4 fails to state a claim upon which relief may be granted and shall also be dismissed without prejudice against the defendants.

**Suable Defendants**

On a closing note, the Court deems it necessary to emphasize that Plaintiff must name suable defendants, if he wishes to proceed with any of his claims against them. In his First Amended Complaint, he has named groups of individuals, such as "Employees of V.C.C." and "Employees of I.D.O.C." (Doc. 12, p. 1). Plaintiff cannot proceed with his claims against large, poorly defined groups of defendants. He must name the individuals who were responsible for the deprivation of his constitutional rights and briefly explain what each person did, or failed to do, that resulted in the deprivation. If he does not know the names of particular individuals, Plaintiff is not precluded from bringing a claim. He should simply refer to each individual, in the case caption and throughout the statement of his claim, in generic terms (*e.g.*, "John Doe" or "Jane Doe"). *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The Court will then establish a plan and deadlines for identifying the unknown defendants with specificity during the course of litigation.

Plaintiff has also named high-ranking officials who appear to have no personal involvement in the deprivation of any constitutional right, such as the prison warden, the department of corrections director, and the governor. (Doc. 12, p. 1). However, he cannot proceed against these defendants based only on their supervisory role over those individuals who

caused the alleged constitutional deprivations because *respondeat superior* liability is not recognized in § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). He must name those defendants who were responsible for the constitutional deprivations at issue, instead of those individuals who served as their supervisors and otherwise lacked any personal involvement in a constitutional deprivation.

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 12) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNTS 1, 2,** and **4** are **DISMISSED** without prejudice and **COUNT 3** is **DISMISSED** with prejudice, all for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **EMPLOYEES OF V.C.C.** and **EMPLOYEES OF I.D.O.C.** are **DISMISSED** with prejudice because they are not suable defendants, but rather nebulous designations for large groups of unknown defendants.

**IT IS ORDERED** that Defendants **WAGGONER, BALDWIN,** and **RAUNER** are **DISMISSED** without prejudice because the First Amended Complaint states no claim for relief against them.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" in this case **on or before February 28, 2018.** Should Plaintiff fail to file his Second Amended Complaint within the allotted time, dismissal of this action will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th

Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "Second Amended Complaint," and he must list *this* case number (Case No. 17-00919-MJR) on the first page. To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

In the amended complaint, Plaintiff must, at a minimum, describe the actions taken by each defendant that resulted in the deprivation of his federal constitutional rights. He should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits or including any other unrelated claims in his amended complaint. **Claims found to be unrelated will be further severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.**

Plaintiff is **ADVISED** that *this* dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original Complaint, rendering the original void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint or the First Amended Complaint. Thus, the Second Amended Complaint must stand on its own without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. Finally, the Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 31, 2018**

<u>**s/ MICHAEL J. REAGAN**</u>
**Chief Judge,**
**United States District Court**