IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUENNEL T. AUGUSTA, #K-81797, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17−cv−00919−MJR ) |
| STEPHANIE WAGGONER, JOHN DOE, JOHN BALDWIN, and BRUCE RAUNER, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Quennel Augusta brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. His Second Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. (Doc. 18). In it, Plaintiff alleges that he was injured at Vandalia Correctional Center ("Vandalia") while moving property boxes onto a trailer. (Doc. 18, pp. 5-13). He blames the defendants for forcing him to move the boxes in wet conditions without any protective gear. *Id.* Plaintiff brings claims against them for cruel and unusual punishment under the Eighth Amendment and for the denial of equal protection of the law under the Fourteenth Amendment. *Id.* He seeks monetary relief. (Doc. 18, p. 14).

The Second Amended Complaint is now subject to review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

1

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

*Id*. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Plaintiff's Second Amended Complaint does not survive screening under this standard and shall be dismissed.

**Second Amended Complaint**

In September or October 2017, Plaintiff injured his leg at Vandalia. (Doc. 18, pp. 5-13). Several inmates were moving to the prison's work camp on a rainy day. *Id*. Stephanie Waggoner and another unknown staff member ("John Doe") ordered Plaintiff to help the inmates move their property boxes onto a wet trailer. *Id*. While stepping off the trailer, Plaintiff slipped and fell on the rusted bumper. (Doc. 18, pp. 5-6). He lost a "chun[k] of meat" from his leg and "lots of blood." *Id*.

Plaintiff's injuries were treated without any alleged delay. (Doc. 18, pp. 6-7). He received ten stitches in his leg. (Doc. 18, p. 6). However, he continues to suffer from pain when walking. *Id*.

Plaintiff blames Waggoner and Doe for his injuries. (Doc. 18, p. 6). He states that they denied him protective gear while forcing him to move heavy boxes in the rain. *Id*. Plaintiff characterizes their conduct as negligence, torture, cruel and unusual punishment, and a denial of equal protection. (Doc. 18, pp. 6-8).

## **Discussion**

Plaintiff reasserts three of the four claims from his First Amended Complaint in his Second Amended Complaint:

> **Count 1** - Eighth Amendment deliberate indifference claim against Defendants for subjecting Plaintiff to dangerous conditions of confinement at Vandalia.
>
> **Count 2 -** Eighth Amendment deliberate indifference to medical needs claim against Defendants for delaying or denying Plaintiff adequate medical treatment for the injuries he sustained to his leg when he slipped and fell while loading heavy boxes onto a trailer at Vandalia.
>
> **Count 4 -** Fourteenth Amendment equal protection claim against Defendants for ordering Plaintiff to load a trailer at Vandalia while he was under no contract for employment at the prison.

(Doc. 14, p. 3). The only claim that Plaintiff does not reassert in his Second Amended Complaint is Count 3, a Thirteenth Amendment claim that was dismissed with prejudice when the Court screened his First Amended Complaint. (Doc. 14, p. 10). That claim remains dismissed with prejudice. **Any other claims in the Second Amended Complaint that are not identified above are inadequately pled under** *Twombly* **and considered dismissed without prejudice from this action.**

**Counts 1 and 2**

The allegations do not suggest that Plaintiff suffered a violation of his rights under the Eighth Amendment, which prohibits the cruel and unusual punishment of prisoners. U.S. CONST., amend. VIII. Eighth Amendment liability hinges on exposure to an objectively serious condition, which is defined as one that deprives an inmate of the minimal civilized measure of life's necessities. *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (citing *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). In addition, the plaintiff must demonstrate that each defendant acted with deliberate indifference to his health or safety. *Id*. *See also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).

The rainy and wet conditions that Plaintiff describes are not sufficiently serious to support a claim for unconstitutional conditions of confinement. (Doc. 18, pp. 5-13). The Seventh Circuit has made it clear that slip-and-fall accidents almost never support a constitutional claim. *Pyles v. Fahim*, 771 F.3d 403, 410 at n. 25 (7th Cir. 2014). In fact, federal courts have consistently adopted this view. *Id*. (citing *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (per curiam) (agreeing with district court that, as a matter of law, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations," thus upholding *sua sponte* dismissal of deliberate-indifference claim brought by inmate who slipped and fell in shower); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (upholding dismissal at summary judgment of Eighth Amendment claim brought by inmate who attributed slip-and-fall to standing water in shower, since "slippery floors constitute a daily risk faced by members of the public at large."); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (even if shackled inmate might fall on wet floor while showering, allegations of "slippery prison floors" do not state "even an arguable claim for cruel and unusual punishment"). The wet and/or rainy

conditions Plaintiff describes do not satisfy the objective component of Plaintiff's Eighth Amendment claim in Count 1.

The Court assumes, without deciding, that Plaintiff's leg injury is sufficiently serious to satisfy the objective component of his medical needs claim in Count 2.

However, the Court's analysis does not end there. Plaintiff must also satisfy the subjective component of both claims, which requires him to demonstrate that each defendant responded with deliberate indifference. Plaintiff identifies no defendant who exhibited deliberate indifference to any hazardous conditions or medical needs he faced. (Doc. 18, pp. 5-13). To show deliberate indifference, Plaintiff must allege that each official, "through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This occurs in the Eighth Amendment context when an official acts or fails to act with deliberate or reckless disregard to Plaintiff's health or safety, or the conduct causing the deprivation occurred at the official's direction or with his or her knowledge or consent. *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994). Plaintiff alleges that Waggoner and Doe ordered him to load boxes, but he does not suggest that either one of these individuals knew about the hazardous conditions he faced or the injuries he suffered. The allegations do not suggest that Plaintiff complained about the conditions to either defendant or requested protective gear. Moreover, Plaintiff does not allege that these individuals, or anyone else, denied him timely and adequate medical treatment for his injuries. *Lewis v. McLean*, 864 F.3d 556, 563 (7th Cir. 2017); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (citations omitted); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (inordinate delay in treatment that prolongs pain may amount to deliberate indifference). He does not mention the other defendants (John Baldwin or Bruce Rauner) in connection with these claims. The Eighth Amendment claims shall therefore be dismissed with

5

prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

**Count 4**

Plaintiff's Fourteenth Amendment equal protection claim meets with the same fate. In support of this claim, Plaintiff offers only conclusory legal statements. Such allegations fall short of satisfying Rule 8 of the Federal Rules of Civil Procedure and the *Twombly* pleading standard. *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Count 4 is subject to dismissal on this ground alone.

The Fourteenth Amendment Equal Protection Clause protects individuals from government discrimination. *Swanson v. City of Chetek*, 719 F.3d 780, 783-84 (7th Cir. 2013). Claims typically arise from discrimination based on race, national origin, or sex. *Id.* at 783-84. Plaintiff does not allege that the defendants subjected him to discrimination based on any of these factors or for any other reason. He also does not allege that he "was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501 (7th Cir. 1993) (citing *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)). Further, he articulates no "class-of-one" equal protection claim, which arises when an individual is singled out for different treatment for no rational reason. *Swanson*, 719 F.3d at 783-84; *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). The allegations state no claim for relief under the Fourteenth Amendment Equal Protection Clause.

For these reasons, Count 4 shall be dismissed with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

## FTCA Claim

Plaintiff cannot pursue a negligence claim against the defendants under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. The FTCA provides jurisdiction for suits against the United States for torts committed by federal officials. None of the defendants named in the Second Amended Complaint are federal officials. Therefore, Plaintiff cannot proceed with an FTCA claim against them. Allegations of negligence also support no § 1983 claim against the defendants. *See also McGowan v. Hulick*, 612 F.3d at 640 (citations omitted) (negligence supports no constitutional claim under § 1983). The FTCA claim shall be dismissed with prejudice against the defendants.

## John Baldwin and Bruce Rauner

There are additional reasons for dismissing John Baldwin (Director of the Illinois Department of Corrections) and Bruce Rauner (Governor of Illinois) from this action. Plaintiff does not mention either one of these defendants in the statement of his claim. (Doc. 18, pp. 1-2, 5-13). He also fails to explain what each of these defendants did, or failed to do, to violate his constitutional rights. *Id*.

The Seventh Circuit Court of Appeals has long held that "[a] plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). In addition, a plaintiff cannot proceed with a § 1983 claim against a defendant based only on his or her supervisory role over the individuals who caused a constitutional deprivation. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v.*

*Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Absent any allegations against Defendants Baldwin and Rauner, Plaintiff cannot proceed with a claim against either one.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Second Amended Complaint and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. This includes **COUNTS 1, 2, 3,** and **4** against Defendants **STEPHANIE WAGGONER, JOHN DOE, JOHN BALDWIN,** and **BRUCE RAUNER.**

Plaintiff is **ADVISED** that this dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed

no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  July 24, 2018**

                                          **s/ MICHAEL J. REAGAN**
                                          **District Judge**
                                          **United States District Court**